# Titley, Appellant, *v.* Craig.

*Action—Assumpsit—Ejectment—Gas rental—Nonsuit.*

Where in an action of assumpsit to recover rental for a natural gas well, it appears that there is no privity of contract between the plaintiff who is the owner of the land, and the defendant who is operating the well, a nonsuit is properly entered. In such a case the plaintiff's remedy is an action of ejectment in which the title can be properly tested.

Argued Oct. 14, 1908. Appeal; No. 79, Oct. T., 1908, by plaintiff, from order of C. P. Butler Co., Sept. T., 1907, No. 1, refusing to take off nonsuit in case of John W. Titley v. H. C. Craig. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit to recover gas rentals. Before Galbreath, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*H. B. Coen,* with him *John M. Greer, John B. Greer* and *Thomas H. Greer,* for appellant.

*W. D. Brandon,* with him *J. O. Campbell,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

This is an action of assumpsit to recover gas rentals for four years, aggregating $1,000, alleged to be due under the gas lease from Titley, the plaintiff, to Barnhart & Pitts, dated June 6, 1902. The trial below properly resulted in a nonsuit, and the plaintiff has appealed.

By his deed dated October 9, 1890, Souder, the owner of the farm, sold to John Horner and H. C. Craig, his interest in gas well No. 6 on the "Garden Patch" as long as gas was found in paying quantities. Horner's interest subsequently became vested in Craig who, by his agreement, dated May 3, 1902, sold "one drilled hole known as Garden Patch well No. 6, situate on the John Titley farm," together with the casing to Barnhart & Pitts with a provision in the agreement that Barnhart & Pitts were to drill the hole to lower sands, and if they failed to get gas or oil in paying quantities, Craig was to have the privilege of purchasing back the hole and casing. Barnhart & Pitts drilled the hole deeper, but failed to secure gas in paying quantities. They thereupon, by a writing on the back of the original agreement, reciting that they had drilled the well to a lower sand and had "failed to procure a sufficient volume of gas to warrant us in marketing the same," reassigned and transferred "the above-named Garden Patch well No. 6" to Craig. With the exception of a short time during which Barnhart & Pitts were in possession of the well Craig has been in continuous possession since his lease from Souder in May, 1890, and has taken the gas from the well, for which this suit is brought, under and by virtue of the authority contained in that lease.

By an agreement dated March 31, 1902, Titley leased to Barnhart & Pitts for oil and gas purposes the 250 acres of land which was formerly owned by Souder, excepting "Garden Patch well No. 6," and it was agreed that the lessees should clean out and drill an old abandoned well from the third to and through the fourth sand. Titley was to receive one-eighth of the oil and one-eighth of the money received for gas

if oil and gas were found in paying quantities and utilized off the premises. After Barnhart & Pitts had purchased Craig's interest in well No. 6, they secured from Titley another lease, dated June 6, 1902, covering the entire farm except five acres, but including the "Garden Patch well No. 6" which had been excepted from the former lease. Titley was to receive $250 per annum for each gas well and one-eighth of the oil and a certain working interest in the lease if gas or oil was procured in paying quantities. They were also to drill an old well on the premises from the fourth to and through the "Speechley" sand. Subsequent to this lease Barnhart & Pitts agreed with Titley that they would drill the "Garden Patch well No. 6" deeper instead of the old well mentioned in the former lease. As we have seen, Barnhart & Pitts drilled "Garden Patch well No. 6" deeper, and failing to secure gas or oil in paying quantities, retransferred the well to Craig.

This very brief statement of the material facts shows that there was no privity of contract between Titley and Craig which would enable the former to maintain assumpsit for the oil rentals due from Barnhart & Pitts under the Titley lease of June 6, 1902. Craig does not hold under that lease nor has he operated the premises for oil or gas under the lease. He has been in possession of the premises and has operated for gas by authority of the lease from Souder to him in 1890. It is apparent, therefore, that there is no privity existing between Titley and Craig by virtue of the contract of June 6, 1902, which would authorize an action of assumpsit for gas rentals. If Craig is illegally or unlawfully in possession of "Garden Patch well No. 6," on Titley's land, the latter's remedy is an action of ejectment in which the title can be properly tested.

The judgment is affirmed.